The first case this morning is 19-1374, Kammunkun v. Defense. Mr. Fowler, whenever you're ready. Thank you, Your Honor. May it please the Court, Ms. Kammunkun was denied her right to a full and fair hearing. On page 3 of the red brief, the government says you never raised your argument that the MSPB's Election Remedies Regulation found 5 CFR 1209 V to Ds statutorily invalid and unconstitutional. Did you present that argument? Yes, Your Honor. Where in the May I say this, Your Honor? The reply brief in this court? You mean the brief and reply brief in this court? Yes, yes. We're covering the record below. Yes. The administrative judge consistently imposed Regulation 1209 and we consistently objected to that and said no. Now how we articulated it or parsed those words, perhaps we could argue about. Well, you could. Did you raise unconstitutionality? Not explicitly. Did you raise an argument that it was statutorily invalid? As it applied to her, I would say yes, but. Can you show me in the record below? I'll let you do it when you come back up. Okay, what I would say about that, though, Your Honor, is we did consistently oppose this action being treated or confined to an individual right of action appeal. We consistently opposed that. Now how you articulate that or how we. What's your problem with what the government is saying? The government is saying, okay, we messed up. We need a remand. I don't have a problem, Your Honor. I'm sorry. I'm sorry. All right, so does the case end? I mean, why are we still fighting over it? The government says we need a remand. We agree that there should be a remand. Good point. Because we misconstrued the statute. If you're agreeing with that, okay, what else do you have in terms of to complain about other than that? I really don't argue about that. When the government, what I think the government and of course, Mr. Yale, I can't speak for him, but what I can say is, as I understand it from the brief, there's a slight difference as to how we characterize the error. And there's a slight difference of opinion as to the scope of what that remand should be. But the government, as I understand it, admits error and they admit there should be a remand. May I just bounce back to your question for a moment, Your Honor? Sure. For the appellant below to actually say this is unconstitutional, this is invalid to the AJ below, that really wouldn't have mattered as I see it. That is how you preserve your record. I know because A, the AJ really had no authority or power to do anything except impose that regulation. And he had no power or authority to find that regulation unconstitutional. And if we want to go and say, well, what about an interlocutory? At that point in time, when that happened, you couldn't have done an interlocutory because of the situation at the board. So that would be it. Your Honor, you asked me about the remand. I think the scope of any remand, and Mr. Yale argues it should be limited, the scope is best left up to the AJ and the parties on remand because it can get very complicated. Why don't you give us a preview of what's so complicated? I'm saying and I'm coming here this morning, Your Honor, to ask for a full remand, to give her her right to a full Chapter 75 adjudication as to whether she did it or not. And the finding that was reached below was that the evidence the agency had was strong. And since it was strong, it passed the reprisal test. Well, that's no surrogate finding for whether she really did it. So I need a finding on whether she really did it. And then also the way the judge approached this thing was he said, you know, nothing is an issue except reprisal. We have in here a very significant, very important due process argument to make if we can get back there and get a full hearing. And what exactly is the 75 appeal as opposed to the IRA? Yes, the due process argument is that essentially it distills to this. The deciding official directed an investigation, got the investigation, made findings and conclusions pursuant to the investigation, and turned them over with instructions how to proceed to the proposing official. So that gives me and should most people a lot of heartburn right there. And whether you want to say harmful procedural error or due process, I would say due process. So that is another key issue. What should have happened instead of that? Well, there should have been some kind of wall between the two and not instructions. This gets very similar to the case that this court had in, what was it, Griffith versus a DOD Department of Education that bounced around for years here where the proposing and the deciding official were giving instructions by top staff how to handle this. So, you know, I think there should have been some purity between the proposing official, the deciding official, and in fact how the investigation was handled. Now, do you agree that with respect to 7121G that your client is not an employee for purposes of Chapter 71? Absolutely, Your Honor. Absolutely. Absolutely. I thought there was some question in the briefs as to whether you were on board with that, but you are on board, but she's not an employee, and therefore nothing in 7121G applies to her. No, no. The elections. Yeah. Okay. I was looking at my reply brief last night, and I think I got myself wrapped around the axle a little bit on that, but you're right. She is not under 7121G. And that's consistent with the government's position. Yeah, yeah, because she is a supervisor. And so all of the discussion in the briefs about the constitutionality of 7121G's election and the regulations really has nothing to do with this case. Well, the regulation on his face would clearly apply to her. Except that it applies to employees, as I understand it, which is defined in the statute not to include her. So unless you say that employee in the regulation means something other than employee in the statute, I don't see how the regulation applies to her. Well, you know, Your Honor, we have all of these lay people and employees and so forth coming up, and we give them all this information. Nobody, no supervisor or manager, as I read DeRay, would read it and say this doesn't apply to me. You really have to do a lot of research to go back and look at the Labor Relations Statute 71 and get into that definition to figure it out. I mean, on its face, it applies to everybody, and that's done a lot of damage. But, you know, in a strict view, you're right. All right. Well, you're in to your rebuttal time. Thank you. Thank you. May it please the Court. I'd like to address a few issues. The first issue about whether or not the constitutionality and whether the regulation exceeds the statutory authority, I mean, that was clearly not raised below. And there's reasons why, even if the AJ may not have had the authority to rule it unconstitutional, you would want to have briefing. The AJ, if they were presented with those arguments, may have actually decided to go forward, for action in those issues. What's your view of what the scope of the remand is? Well, as we set forth in our brief, we do think there's been a couple of issues that have been raised by petitioner that would be fair game. The first one is this harmful procedural error that was raised. So you agree that that's open for initial consideration by the AJ? Yes. And I mean, I think the AJ would need to look at the record that was presented to him in the hearing and see whether or not the testimony is already sufficient on that. But if you look at the decision, because he essentially dismissed the Chapter 75 action for the election reasons, he didn't do an analysis specifically. I think what we have here is an ex parte communication potential issue. I don't think that there was, you know, that there wasn't really an analysis in the decision of that. And then presumably also the AJ would have to analyze the efficiency of the service issue. Correct. Which is not part of an IRA. Correct. But in terms of when Petitioner's Counsel talks about the scope of a full remand, you know, there were four days of hearings here. There's an extensive underlying factual record. There's an extensive underlying factual record. And much of that gets to the whistleblower issues, which have the same burdens of proof, the same issues factually would be presented. And it doesn't make sense to essentially go back to square one on that. And isn't that a question that the AJ is in the best position to judge as to whether the record is as complete as it needs to be for purposes of the affirmative defense under 75 as it was for purposes of the initial IRA appeal? Well, you know, in this... Why should we be in a position to say, AJ, you must not hear any more evidence on this. You must decide this predicated on what you previously... Really, the only question is whether they want more. I mean, what's there is there, which is extensive. But that doesn't mean the AJ won't say, I want more. Well, I suppose the AJ may use their discretion if there's some additional issue that's raised. But in this appeal, there's never really been an articulation of what exactly that is. And, you know, we think there should be other limitations to this remand as well because, for example... Other limitations. So what's the first limitation? Should we allow the AJ the discretion to allow further testimony or evidence to come in? Well, we don't think that the whistleblower issues need to be retried again as putting on additional evidence. You know, there's been an extensive record, four days of hearing testimony. He went through all the... So you're saying that you would like us to tell the AJ that the whistleblower issues are out of the case? Well, I think whether or not you specifically prohibit them or not, I think that the record has been extensive. I understand, but we have to issue a judgment in this case. So what I'm asking you is, what form should that judgment take? Does the government want us to say, these issues, there's substantial evidence in the case, the AJ ought to make a determination as to whether more evidence needs to be heard and ultimately decide the affirmative defenses on that basis? Or do you want us to have in the judgment, the AJ is not to address the whistleblower issues because that has already been decided? As we set forth in our brief, we think that the court should affirm the whistleblowing issues and not allow further testimony. So the latter. The latter. That's what you want in the judgment. Correct. And we also would like a limitation that discrimination issues should not be raised. And again, that was, besides the harmful procedural error, discrimination was really the other major. Haven't they been clear? Well, they have, Your Honor. That's correct. They have, Your Honor. But when we're talking about, when Petitioner's Counsel is talking about a full remand, which, you know, again, from their brief, we really don't exactly know what that means. And so we do think that given where we are, you know, we think that there should be certain limitations and not have to basically put on every witness again, especially to go through, for example, these whistleblowing issues that have been extensively addressed. And you said there were other issues that you thought should be part of our judgment Well, the other part of it would be Petitioner below had an opportunity to identify affirmative defenses for this Chapter 75 case. From the record, it seems unclear whether they ever actually complied with that. But the pre-hearing submissions indicated that the affirmative defenses that they were raising included discrimination and included this harmful procedural error. So we also don't think if it's remanded below that it, then Petitioner can then come up with, you know, some other defense that has not previously been raised. Because the error here, you know, the alleged error here was this election, which happened really close to the hearing. So it doesn't make sense to have, you know, something along a full remand going all the way back to the beginning of the case. That just doesn't seem to, you know, be resolving the error that occurred below. And so that's an additional limitation that we would think would make sense in this case. And if there's nothing further, we would request that the Court affirm essentially the whistleblowing claims in this case. Well, actually, you're not asking for an affirmance. You're asking for a remand. A remand, yes. Right. And a remand consistent with, you know, the discussion that we had in accordance with what issues would be able to be raised below. Okay. Nobody is disputing that the discrimination allegations are out of this case, right? I am not disputing that, Your Honor. No, no. And will not be raised? We will not raise them, Your Honor. We did that on our 4 and 15, and yes. Okay. They're gone. They're gone. All right. There's been some mention of these constitutional issues. Yes, I raised it. Yeah, I know. Judge Wallach, I really think a lot of times when I reference that, and I was talking about constitutional conditioning and stuff like that, that was more, I guess, of a consequence as what was happening as a result of this reg here. If there is a remand, you're absolutely right, Judge Bryson. There's service efficiency, there's reasonableness of penalty, there's a possibility of mitigation, a whole bunch of issues. Now, Mr. Yale may be right, and I think the judge is in the best position to determine that to what extent are we bound by the findings on reprisal below in the first action, and maybe significantly. But yet there are those other issues, and paramount of them, I said, was we have a significant due process question, and also I'm greatly troubled by a finding that the agency's evidence was strong enough to pass a no reprisal test being used as a surrogate finding for did she really do this, which is a finding that she's entitled to under Chapter 75. The underlying factual issues may be the same. Pretty much. Yes, Your Honor. We understand what you're saying. I want to take you back to that. I take what you said about constitutional arguments. You mean that you didn't find anything where you raised it in the record below? Yes, yes. I glanced at the joint appendix, Your Honor, and I have something at 319 and 423, and what those are, those are mainly responses, and I think there are more, but those are the ones I could find where appellant is saying, hey, you can't join these. Where on 319? And you said 423? 423. So start with 319. Yeah. I'm sorry, 318, 319. Oh, this is an extensive response to his Honor below. I'm going over the treating this perhaps as an IRA and show causal in your IRA finding. Admittedly, we're not articulating as clear as you can. Is the word constitution on this page? I'm sure it's not, Your Honor. I'm sure it's not. Yeah. Nor amendment or any of those magical. Right. And I wouldn't come here this morning, Judge Wall, I can tell you we need to get to a constitutional issue. I think more than anything. Then I wasn't raised below. You're right, Your Honor. Okay. I was saying I was a constitutional. I don't need to go further on that. You answered my question. Okay. Thank you. Well, I wish I answered it earlier. So in any event, we respectfully ask for a reband and believe that the AJ with some filings by the parties is in the best position to define the scope of that. And again, I have a lot of heartburn over that reprisal from the finding being used as surrogate for whether or not she actually did it. Thank you. Thank you, Your Honor.